UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION No. 20, affiliated with the International Brotherhood of Teamsters, 435 South Hawley Street Toledo, OH 43609 | : : : : : : | CASE NO. Judge |
| Plaintiff, | : : | COMPLAINT TO VACATE ARBITRATION AWARD |
| vs. | : : : | |
| JOHNS MANVILLE CORPORATION 6050 River Rd. Waterville, OH 43566 | : : : : | |
| Defendant. | | |

Now comes Plaintiff Teamsters Local Union No. 20, affiliated with the International Brotherhood of Teamsters ("Local 20" or "the Union") by and through its undersigned counsel, and in support of an action against Defendant Johns Manville Corporation ("Johns Manville" or "the Company"), states the following:

## INTRODUCTION

1. This is an action by Local 20 seeking an order to set aside and vacate an arbitration award issue on July 26, 2021, by Arbitrator Betty R. Wigeon ("Arbitrator" or "Arbitrator Widgeon") in favor of Defendant.

## JURISDICTION AND VENUE

2. This Complaint is brought pursuant to Section 301 of the Labor-Management Relations Act of Act ("LMRA"), as amended, 29 USC § 185.

3. The Court has jurisdiction over this lawsuit pursuant to Section 301 of the LMRA, 29 USC § 185(c), because Local 20 maintains its principal office within the Court's jurisdiction.

4. Venue is appropriate in this judicial district pursuant to 29 USC § 185(a) in that the Company does business in the Toledo, Ohio area and the Court has jurisdiction over the parties.

## PARTIES

5. Plaintiff, Local 20, affiliated with the International Brotherhood of Teamsters, is a labor organization as defined in 29 U.S.C. §152(5) and is the exclusive representative of certain employees of Defendant.

6. Defendant, Johns Manville is an employer engaged in an industry affecting commerce defined by the LMRA, as amended, 29 U.S.C. §§152(2),(6) and (7).

## STATEMENT OF CLAIM

## COUNT I

7. Teamsters Local 20 and Johns Manville are parties to a collective bargaining agreement covering its operations located in Waterville, Ohio effective from August 1, 2019 through August 19, 2024 ("the Contract"), a copy of which is attached to this Complaint as **Exhibit 1**.

8. George Casiano ("Casiano") is a member of Local 20 and employee of Johns Manville who works in the Direct Melt Department in Plant 1 of the Company's Waterville, Ohio operation

9. Casiano has been employed by Johns Manville since June, 2014, most recently as a Utility Operator ("UO").

10. The purpose of the UO job classification in Direct Melt is to fill certain other job positions when those positions are open because an employee is absent or has left early.

11. Starting in August, 2020, the Company decided to transfer or promote employees in the UO job classification to open positions using a rotation process instead of positions being chosen by employees in order of departmental seniority. Prior to August, 2020, the Company followed departmental seniority when utilizing a UO fill an open position on account of an absence.

12. Prior to August, 2020, the employee with the highest departmental seniority in the UO job classification would be asked by a supervisor to select a job position within the Direct Melt Department. Certain job positions within the Direct Melt Department paid a higher hourly wage, and thus were more desirable to UO's with higher departmental seniority.

13. The Company's August, 2020, rotational process for employees in the UO job classification denied Casiano the ability to choose an open position within the Direct Melt Department, despite having the most departmental seniority than any other employee on the 4:00 PM to 12:00 AM shift.

14. The Contract contains a grievance procedure in Article XV which sets forth a process for the filing of a grievance if a bargaining unit employee, or Local 20, believes the contract has been violated by Defendant. Article XV of the contract further provides that if the grievance is not resolved through earlier steps of the grievance procedure, the grievance should be submitted to a mutually selected arbitrator who should decide the case and whose decision shall be final and binding on the condition that it does not otherwise violate the Contract or other applicable law.

15. On or about August 13, 2020, Local 20 filed a grievance on behalf of Casiano alleging that the Company violated the Contract by ignoring the Contract's seniority provisions contained in Article VI. A copy of the grievance filed by Local 20 is attached to this Complaint as **Exhibit 2**.

16. The seniority provisions contained in Article VI state, in pertinent part, "[s]eniority, department or plant wide where applicable, shall be the determining factor in matters affecting layoff, recall, transfer or promotion to jobs within the Bargaining Unit, provided the qualifications of employees under consideration are approximately equal."

17. The grievance filed by Local 20 was processed through the grievance procedure set forth in Article XV of the Contract with a demand for arbitration submitted by Local 20 to Johns Manville by letter dated September 28, 2020. A copy of the demand for arbitration dated September 28, 2020 is attached to this Complaint as **Exhibit 3**.

18. Pursuant to the Article XV of the Contract, the parties jointly selected Arbitrator Widgeon to arbitrate the grievance. A hearing was held virtually before Arbitrator Widgeon on March 11, 2021.

19. On July 26, 2021, Arbitrator Widgeon issued her Award. A copy of the Award is attached to this Complaint as **Exhibit 4**.

20. The Arbitrator concluded that the Company's conduct in establishing a rotational process for transferring or promoting UO employees in the Direct Melt Department to open positions did not violate Article VI of the Contract.

21. Despite finding the seniority language in Article VI "clear and unambiguous," the Arbitrator held that the pre-August, 2020 selection of open positions by the most-senior UO employee was neither a "transfer" or a "promotion" in accordance with the Article VI language.

22. In issuing her Award, Arbitrator Widgeon (a) affirmatively disregarded the clear and unambiguous language of the Contract, (b) affirmatively disregarded the facts of the grievance, (c) issued an award not supported by any reasonable interpretation of the Contract, and (d)

otherwise failed to carry out her duties, but instead dispensed her own brand of industrial justice to such an extent that the arbitration award must be vacated, as a matter of law.

23. Arbitrator Widgeon was not arguably construing or applying the Contract when her Award ignored its clear and unambiguous seniority provision and instead held that the grievant's ability to select an open position based upon his departmental seniority was neither a "transfer" or "promotion."

## COUNT II

24. Plaintiff restates herein all of the allegations set forth in paragraphs 1 through 23 as if fully rewritten herein.

25. At the beginning of the Plaintiff's case in chief before the Arbitrator, Plaintiff called Jane Mason, a non-bargaining unit management level employee of the Company, as its first witness. The Company made an objection contending that the Union did not have the right to call a management employee as a witness in the Union's case and that the Union was required to wait until the Company called the witness in the Company's case to ask Jane Mason questions on cross examination.

26. In response to the Company's objection, the Union contended that arbitration proceedings were a civil action and the Union had the right to call a management employee as a witness in the Union's case in chief.

27. Th Arbitrator delayed the hearing and gave the parties time to provide authority for their respective positions. The Union and the Company provided the Arbitrator with authority supporting their respective positions. The authority provided by the Union is attached hereto as Exhibit **5.** The authority provided by the Company is attached hereto as Exhibit **6.**

28. Following review of the authorities provided by the Union and the Company the Arbitrator upheld the Company's objection and denied the Union's ability to call Jane Mason as a witness in its case in chief. The Union proceeded with its case in chief calling as witnesses bargaining unit employees to establish the facts supporting its case and the violation of the Contract by the Company.

29. After the Union completed the presentation if its case in chief the Union rested. After a brief recess, when the Arbitrator called the case back on the record, the Company rested its case without calling any witnesses or introducing any other evidence, thereby denying the Union the opportunity to call Jane Mason as a witness.

30. Ohio Revised Code 2711.10 provides that an arbitrator's decision can be vacated by a court for certain specific reasons including that the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy or of any other misbehavior by which the rights of any party have been prejudiced.

31. The Arbitrator's ruling that the Union could not call Jane Mason as a witness in its case in chief prohibited the Union from obtaining testimony from a management level employee that the Company, based on the Contract language, historically followed the Department seniority of UOs in the Department in which Mr. Casiano worked to fill open positions. As a result of the Arbitrator's ruling, the rights of the Union under Ohio Revised Code 2711.10 to obtain pertinent and material testimony to the controversy before her were prejudiced. This prejudice was compounded when the Arbitrator failed to require the Company to make Jane Mason available for cross examination after the Company notified the Arbitrator that the Company was going to rest its case without calling any witnesses or offering any other evidence into the record.

**WHEREFORE**, Local 20 prays that this Court provide the following relief:

A. Set aside and vacate the Award of Arbitrator Widgeon dated July 26, 2021; and

B. Issue a decision granting the grievance filed by Mr. Casiano and heard by Arbitrator Widgeon providing the Union the full relief requested in the grievance; and

C. Grant such other relief to which Local 20 may be entitled to receive under the law.

Respectfully submitted,

**DOLL, JANSEN & FORD**

　/s/ John R. Doll　
John R. Doll – 0020529
John R. Sauter - 0087691
111 W. First St., Suite 1100
Dayton, OH 45402-1156
(937) 461-5310
(937) 461-7219
jdoll@djflawfirm.com
jsauter@djflawfirm.com