# John Doll

**From:** Roth, Meghan Anderson <roth@marshall-melhorn.com>
**Sent:** Thursday, March 11, 2021 11:55 AM
**To:** John Doll
**Subject:** FW: Ms. Mason testimony



| Meghan Anderson Roth
Attorney
Marshall & Melhorn, LLC
4 Seagate, 8th Floor | Toledo, OH 43604
D 419.249.7226 | F 419.249.7151

The information in this message is confidential and may be legally privileged.
If you are not the intended recipient, you may not use it or disclose it to others.
If you have received this message in error, please notify me immediately.

Licensed in Ohio

**From:** Roth, Meghan Anderson
**Sent:** Thursday, March 11, 2021 11:49 AM
**To:** 'Betty Widgeon' <bwidgeon@gmail.com>
**Cc:** 'Polk, Lauren' <Lauren.Polk@jm.com>
**Subject:** Ms. Mason testimony

Arbitrator Widgeon,

Mr. Doll has indicated that he wishes to call a company witness (not a party) as his first witness. He has not subpoenaed Ms. Mason and she is therefore under no obligation to testify at this time. We are not agreeing to voluntarily produce her to testify during the Union's case in chief. I presume Mr. Doll will send you some legal support for his right to call witness – and of course, he has the right to call witnesses. But a witness is under no obligation to testify without a subpoena and Ms. Mason is not agreeing to testify until we call her. Allowing Ms. Mason to testify now circumvents the rule that the Union must present its case first in this contract dispute. We are not at this time asking that Ms. Mason be exempt from testifying, as we will be calling her later and Mr. Doll will have the opportunity to cross examine her at that time- we are not denying him his right to call witnesses and there is no right that would be violated by ruling that he must question Ms. Mason later this afternoon on cross examination. We are only asking that the proper procedure be followed as to the presentation of the evidence. The following cases address this issue:

It has been suggested that the calling of witnesses from the other side should not be encouraged. *Chicago Area Report*, at 99. See Rohm & Haas Tex., 91 LA 339, 343 (McDermott, 1988) (arbitrator refused to allow grievant to be called as employer's first witness in a hearing regarding a discharge for excessive absenteeism, because employer had the burden

Ex. 6

of presenting its case and would have ample opportunity to cross-examine grievant); City of San Antonio, Tex., 90 LA 159, 162 (Williams, 1987) (arbitrator required employer to make a prima facie case regarding its disciplinary charges before allowing it to call grievant as a witness and found that the criminal law restrictions against self-incrimination do not apply in labor arbitration). *See generally* BORNSTEIN & GOSLINE, LABOR AND EMPLOYMENT ARBITRATION §4.03[1][a][i][B] (1989); GRENIG & ESTES, LABOR ARBITRATION ADVOCACY 85 (1989); HILL & SINICROPI, EVIDENCE IN ARBITRATION 273–78 (BNA Books 2d ed. 1987); LEVIN & GRODY, WITNESSES IN ARBITRATION: SELECTION, PREPARATION, AND PRESENTATION 123–25 (BNA Books 1987); *Procedural Rulings During the Hearing*, in ARBITRATION 1982: CONDUCT OF THE HEARING, PROCEEDINGS OF THE 35TH ANNUAL MEETING OF NAA 138 (Stern & Dennis eds., BNA Books 1983).

Thank you,
Meghan



| | |
|---|---|
| | Meghan Anderson Roth |
| | Attorney |
| | Marshall & Melhorn, LLC |
| | 4 Seagate, 8th Floor | Toledo, OH 43604 |
| | D 419.249.7226 | F 419.249.7151 |

The information in this message is confidential and may be legally privileged.
If you are not the intended recipient, you may not use it or disclose it to others.
If you have received this message in error, please notify me immediately.

Licensed in Ohio